STATE v. NATHANIEL W. COZZENS.

*The constitutionality of the " act for the preservation of oysters and other shell-
fish in this State."*

THIS was an indictment under the " act for the pre-
servation of oysters and other shell-fish within this State,"
and charged the defendant with stealing oysters of the
value of $40, from a private oyster bed in Narragansett
Bay.　The indictment was tried in the Court of Common
Pleas, before STAPLES, J., and the defendant found guilty.
The cause was brought before this Court upon the follow-
ing exceptions to the rulings in the Court below, to wit ;

1st.　Because the defendant requested the Court, by his
counsel, to charge the jury, that the 8th, 9th, 10th, 11th,
12th and 13th sections of the act, entitled " an act for the
preservation of oysters and other shell-fish in this State,"
and the acts in amendment and explanatory of said act,
were unconstitutional and void, and in violation of and
repugnant to the 17th Section of the Declaration of cer-
tain Constitutional Rights and Privileges in the first arti-
cle of the Constitution of this State, which section pro-
vides that " the people shall continue to enjoy and freely
exercise all the rights of fishery and the privileges of the
shore to which they have been heretofore entitled under
the charter and usages of this State ;" which charge the
Court refused to give, but did charge the jury that said
several acts and sections were constitutional and binding
upon the citizens of this State.

2. Because he offered evidence to show that the place where the said offence was alleged to have been committed is and has been freely enjoyed and used from the earliest settlement of this State to the time of the offence alleged in the indictment, as a common and public fishery, where the people of the State have been accustomed, under the charter and usages of this State, to fish for oysters and other shell-fish, which said evidence the Court refused to allow to pass to the jury.

3. Because the defendant offered to prove and did prove that the said places in the indictment mentioned had been freely used and enjoyed by the people of this State down to the commission of the said alleged offence, as a public and common quahaug fishery, and that said fishery for quahaugs had been interrupted, interfered with and destroyed by the planting of the oyster beds in question, and requested the Court to charge the jury, that if they believed said beds did interfere with the public use and enjoyment of said quahaug fishery, then the act of the commissioners in leasing said beds was in violation of and repugnant to the said 17th section of said bill of rights, which charge the Court refused to give.

4. Because the defendant's counsel requested the Court to charge the jury that no power to lease a natural oyster bed exists in the legislature of this State or in the commissioners by them appointed, and that any lease so executed is unconstitutional and void, which charge the Court refused to give.

5. Because the Court refused to charge the jury that said acts and parts of acts, and the doings of the commissioners under the same are in violation of the principles of the common law.

6. Because the Court refused to charge the jury that no exclusive right could exist in the proprietors of any private oyster bed to take from said bed oysters, the natural growth of said bed, and that the defendants had a perfect right to take such oysters, so naturally growing on any natural oyster bed, without molestation, and that the crime alleged in said indictment could not be committed by taking any such natural oysters; but did charge that the proprietors of said bed had, under the lease granted by the said commissioners, the exclusive right to take oysters planted or naturally growing thereon.

*Ames,* for the State.

*Rivers,* for the defendant.

GREENE, C. J. delivered the opinion of the Court.

We are of opinion that the Declaration of Rights and Privileges, contained in the seventeenth section of the first article of the Constitution, was intended to be carried into effect by legislative regulation, such regulation having for its object to secure to the whole people the benefit of the constitutional declaration, and being necessary for that purpose. In pursuance of this object, the first section of the act, under which this indictment was preferred, provides that no oysters shall be taken from the common fisheries between the fifteenth day of May and the fifteenth day of September; the second section prohibits the taking of quahaugs or clams from Long Bed, West Bed, or from Great Bed, during the same time ; the third section provides that no person shall take from any public oyster bed more than three bushels in twenty-four hours, nor plant on a private bed oysters taken from a public

74

bed; and section fourth prohibits the use of dredges in taking oysters. These sections restrict the right of fishery, and it will not be contended that they are unconstitutional. We refer to them to show that legislative restriction is indispensable to secure to the public the benefit of the oyster fishery.

We will consider the exceptions in the order in which they are taken. The first comprehends the 8th, 9th, 10th, 11th, 12th and 13th sections of the act in question. We will consider each of these sections. The 8th provides for the appointment of commissioners and defines in part their duty. If the General Assembly had power to make regulations upon this subject, we think they had power to appoint commissioners to carry those regulations into effect. The 9th and 10th sections provide for the leasing of land covered by the public waters for a private or several oyster ground or fishery, the commissioners taking special care not to include any old oyster bed, which in their opinion can for the greater advantage of the public be used as a free and common oyster fishery. The commissioners are required personally to inspect the land to be leased, and their decision, in granting the lease of an old oyster bed, is conclusive of the fact that such oyster bed can be used more to the public advantage as a private bed under lease than as a public bed. We understand the object of these sections is not the benefit of the lessees of the private bed, but, by holding out motives to them to plant and cultivate oysters, to secure to the public a more abundant supply. In other words, the constitutional right is so regulated as to reserve to the public the greatest benefit. The act also reserves a rent to the State. The 11th and 12th sections are necessary to protect the oyster beds of

the lessees, and if the 8th and 9th are valid, these must be also. The 13th section provides for the time when the act shall go into effect. If the act be otherwise unexceptionable, this section is.

The first exception also comprehends the act in amendment and explanatory of the act in question. We see nothing unconstitutional in that act.

We think the ruling of the Court, as stated in the second exception, was proper. If the offence had been committed on a private bed, it was immaterial whether or not the place had been used as a common and public fishery for oysters and other shell-fish.

Neither can we sustain the third exception. If the private bed had been a common quahaug fishery, and said fishery had been interrupted, interfered with and destroyed by the planting of the oyster bed, this did not affect the validity of the lease of the oyster bed and the liability of the defendant for taking oysters therefrom.

The remaining exceptions are disposed of in what we have already said.

*Exceptions overruled.*